*Seiden v. Baker Tilly H.K. Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-four.

PRESENT:

> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

ROBERT W. SEIDEN, ESQ., Receiver for China North East Petroleum Holdings Limited,

> *Plaintiff-Appellant,*

> v.                                                     No. 23-1254

BAKER TILLY HONG KONG LIMITED,

*Defendant-Appellee*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | JASON VANACOUR, Vanacour Perkins PLLC, Plano, TX (Kevin Perkins, Vanacour Perkins PLLC, Plano, TX, Kenneth E. Aldous, Aldous PLLC, New York, NY, *on the brief*). |
| **For Defendant-Appellee:** | MARY H. TOLBERT, Steptoe & Johnson PLLC, Oklahoma City, OK. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 14, 2023 judgment of the district court is **AFFIRMED**.

Robert W. Seiden, in his capacity as the receiver for China North East Petroleum Holdings Limited ("CNEP"), appeals from a judgment dismissing his claims for breach of contract, negligence, breach of fiduciary duty, fraud, and unjust enrichment against CNEP's accounting firm, Baker Tilly Hong Kong Limited ("BTHK"), based on the district court's determination that it lacked personal jurisdiction over BTHK pursuant to New York's long-arm statute. We

2

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

CNEP is a petroleum holding company "with operations exclusively in the People's Republic of China." App'x at 22. CNEP is formally incorporated in Nevada. But, according to its filings with the Securities and Exchange Commission, it maintains its "principal headquarters" in China, *id.* at 94, and its "principal executive office" in New York City, *id.* at 74. BTHK is a Hong Kong accounting firm that was retained by CNEP in 2010 after it absorbed the U.S. audit practice of CNEP's prior auditor, Jimmy C.H. Cheung & Co. ("JCHC"), in a merger in January 2010. In May 2016, Seiden was appointed as receiver for CNEP by a Nevada state court in order to effectuate a court-ordered shareholder buyout following allegations of fraud against CNEP's former corporate officers. Seiden's claims relate to BTHK's allegedly improper audit of CNEP's 2009 financial statements.

Where a district court has dismissed an action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), we review "for clear error on factual holdings and *de novo* on legal conclusions." *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 125 (2d Cir. 2023) (internal quotation marks omitted). The

3

plaintiff bears the burden of showing that a court possesses personal jurisdiction over a defendant. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Nevertheless, a plaintiff need only make a *prima facie* showing of personal jurisdiction where, as here, jurisdictional discovery has been conducted but the court did not hold an evidentiary hearing. *See id.* at 567. A plaintiff may meet this burden through "the plaintiff's own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (internal quotation marks omitted). We look to the law of the state in which the district court sits to determine whether an out-of-state defendant is subject to the court's personal jurisdiction. *See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 102–03 (2d Cir. 2006); *Metro. Life Ins. Co.*, 84 F.3d at 567.

On appeal, Seiden asserts that the district court has specific personal jurisdiction over BTHK based exclusively on N.Y. C.P.L.R. § 302(a)(1), a provision of New York's long-arm statute. Under that section, "a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . transacts any business

4

within the state" so long as "the claim asserted" "arise[s] from that business activity." *Sole Resort*, 450 F.3d at 103 (internal quotation marks omitted).

An out-of-state defendant transacts business within the state of New York only through "purposeful activity" – that is, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks omitted). We assess that activity based on "the totality of circumstances concerning the party's interactions with, and activities within, the state." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999). While the parties' briefing and the district court's opinion focus on the application of the four factors from *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.*, we need not rely on them here. 98 F.3d 25, 29 (2d Cir. 1996) (explaining that the transacts-business inquiry is not limited to the four listed factors and is instead based on the totality of the circumstances). Having considered the totality of circumstances here, we agree with the district court that Seiden failed to meet his burden of showing that BTHK transacted business in New York within the meaning of N.Y. C.P.L.R. § 302(a)(1).

Seiden contends that BTHK purposefully "reached into" New York when it merged with JCHC as part of an effort to enter the U.S. accounting market. Seiden Br. at 25. But even assuming that CNEP was a New York corporation – which is by no means clear from the record – the mere fact that BTHK desired to acquire clients located in New York is not, by itself, enough to demonstrate that it actually transacted business in New York with CNEP. Instead, Seiden was obliged to show that BTHK directly participated in that client relationship by, for example, making "calls, faxes[,] and e-mails" into New York state "over many months." *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007); *see also id.* at 382–83 (finding that "defendants established a substantial ongoing professional commitment between themselves and plaintiff"). Our primary consideration is whether "the defendant's contacts with New York have been purposeful and designed to permit it to conduct activities within New York." *Mayes v. Leipziger*, 674 F.2d 178, 184 (2d Cir. 1982).

Seiden offered no such evidence here. The record reflects that JCHC sent a single communication, by email, to CNEP relating to the solicitation of CNEP's business after the merger. That communication included (1) a cover letter addressed to CNEP's Chairman and Chief Executive Officer announcing JCHC's

6

resignation as auditor, and (2) a new engagement letter on behalf of BTHK addressed to the Chairman of CNEP's audit committee requesting that CNEP sign the letter if it wished to retain BTHK as its auditor. During oral argument, Seiden conceded that there is nothing in the record to indicate where CNEP's officers were located or, more specifically, where the recipient was located when he or she read the email. And beyond that email exchange, there is no other evidence in the record concerning BTHK's solicitation of CNEP's business in New York. Not surprisingly, courts have "consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983). We acknowledged this very point in *Continental Industries Group, Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768 (2d Cir. 2014), where we concluded that entering a contractual relationship with a New York company and sending invoices to New York amount to "limited contacts" that are insufficient to establish specific personal jurisdiction under New York's long-arm statute. *Id.* at 771.

Seiden next argues that BTHK purposefully availed itself of New York as a forum by partially performing the contract – that is, conducting the audit – in New York. In support of this assertion, Seiden references a single October 2010 letter

7

sent by BTHK to CNEP's Board of Directors at its New York office as "part of a continuing dialogue between the company and ourselves" that attached a draft memorandum to CNEP management raising matters that came to BTHK's attention during the 2009 audit. App'x at 347. But as the district court observed, Seiden "present[ed] *no facts* regarding the performance of the actual audit," much less evidence that the audit occurred in New York. *See* Sp. App'x at 12 (emphasis added). At most, the 2010 letter reflects that BTHK may have delivered some work product to CNEP in New York or solicited comments from individuals based there. It does not show that BTHK conducted the 2009 audit – or any subsequent audit – in New York.

In an analogous case, we have held that an out-of-state law firm did not transact business in New York within the meaning of N.Y. C.P.L.R. § 302(a)(1) when "[i]t performed all of its legal research and writing services in preparing [its] opinion" out of state, and its communications with the New York plaintiff "involved either the negotiation of the original agreement for legal services, editorial comments during the process of preparing the final . . . opinion, or interactions concerning the closing of . . . security documents." *See Bank Brussels Lambert*, 171 F.3d at 787–88. Nothing in the record below suggests that BTHK did

anything more substantive than that in New York. We therefore agree with the district court that Seiden has not established that the court had personal jurisdiction over BTHK under N.Y. C.P.L.R. § 302(a)(1).

\* \* \*

We have considered Seiden's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court